IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS DAVIS, | ) CIVIL ACTION NO. 22-1275 |
| Plaintiff, | ) |
| v. | ) |
| THE ALLEGHENY COUNTY COURT OF COMMON PLEAS, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

In this pro se civil rights complaint (ECF No. 1), plaintiff Thomas Davis ("Davis") again challenges conduct by Allegheny County, the office of the District Attorney and the office of the Public Defender with respect to a policy about unrecorded plea negotiations in 1990 (over thirty years ago). Complaint ¶ 6. The only named defendant is the Allegheny County Court of Common Pleas ("Defendant"). On October 17, 2022, Davis filed a motion for default judgment (ECF No. 4). Defendant filed a response in opposition to the motion for default judgment (ECF No. 5) and a motion to dismiss the complaint with prejudice (ECF No. 6), with brief in support (ECF No. 7). Davis filed a motion to strike the opposition (ECF No. 8). It is abundantly clear that this case must be dismissed with prejudice.

I. Factual and Procedural History

Davis avers that on February 25, 1989, he was arrested and charged with a series of robberies at criminal information number 198904098. On January 9, 1990, after other plea offers were rejected, the parties orally agreed on a conditional plea agreement: "if [Davis] would

agree to a postponement of trial until March 2, 1990, for DNA testing of physical evidence, namely one Newport cigarette butt smoked by the robber and if the DNA test results exonerated plaintiff the District Attorney would dismiss all charges." (ECF No. 1 ¶ 13). This agreement was not recorded. (ECF No. 1 ¶ 13). On March 2, 1990, the DNA test definitively exonerated Davis as the robber at case # 198904098. (ECF No. 1 ¶ 15). Davis avers that due to the policy of not recording plea negotiations, he remained confined until his release from imprisonment on May 2, 2018.[1] (ECF No. 1 ¶ 16). Davis claims that he is being denied his "first amendment rights of redress access to the courts until entry of the March 1990 DNA disposition of exoneration is duly entered." (ECF No. 1 ¶ 19). Davis seeks as injunctive relief an order requiring the Allegheny County Court of Common Pleas to enter an order of exoneration at case # 198904098. (ECF No. 1 ¶ 20).

Davis asserted very similar challenges in two prior lawsuits, *see* Civil Nos. 09-415 and 18-794. In Civil Action No. 09-415, the court determined that Davis' challenge to the alleged breach of the plea agreement to dismiss all charges if the DNA test on the cigarette exonerated him was barred by the applicable two-year statute of limitations. *See* Memorandum Order dated March 23, 2010, adopting Report & Recommendation dated February 5, 2010 (Civ. No. 09-415, ECF Nos. 36, 38). The court also held that (to the extent his convictions and sentences had not been invalidated), Davis' claims were barred by the doctrine in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (a claim for damages related to a conviction or sentence that has not been invalidated is not cognizable under § 1983). *Id.* Davis' claims were dismissed on the merits and the case was closed. *Id.* Davis filed a motion for reconsideration, which was denied. (Civil No. 09-415, ECF Nos. 39, 40). Davis pursued a direct appeal, which the Third Circuit Court of

---

[1] Davis was acquitted of two robberies but convicted of four other robberies and sentenced to an aggregate term of imprisonment of 14-28 years. *Davis v. Cnty. of Allegheny*, 411 F. App'x 447, 448 (3d Cir. 2011), *also available at* Civil No. 09-415, ECF No. 53-1.

Appeals dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) in a per curiam opinion. (Civil No. 09-415, ECF No. 53-1). *See Davis v. County of Allegheny*, 411 F. App'x 447 (3d Cir. 2011).

In Civil No. 18-794, Davis renewed his challenge to the alleged policy of not recording plea negotiations. As explained in the court's memorandum opinion of August 22, 2018 (Civ. No. 18-794, ECF No. 15), Davis' complaint was dismissed with prejudice due to "several incurable legal flaws," including res judicata and statute of limitations. The case was marked closed. Davis appealed to the United States Court of Appeals for the Third Circuit, which affirmed the dismissal of Davis' complaint. (Civ. No. 18-794, ECF No. 19).

After losing on appeal, Davis sought relief under Rule 60, arguing that defendants committed a fraud upon the court (Civ. No. 18-794, ECF Nos. 20, 21). The court held that Davis fell far short of alleging an actionable fraud directed at the court and denied Davis' motions (Civ. No. 18-794, ECF No. 24). The court of appeals again affirmed (Civ. No. 18-794, ECF No. 29).

Many of the allegations in the complaint in this case (Civil No. 22-1275) are taken verbatim from his complaint in Civil No. 18-794. (*Compare* Civ. No. 18-794, ECF No. 3 with Civ. No. 22-1275, ECF No. 1). Davis contends that based on the policy of not recording plea negotiations in 1990, his due process rights of access to the courts under the First and Fourteenth Amendments were violated. Davis realleges the same conduct set forth in his earlier cases, but simply names a different defendant.

There are no averments in the complaint about conduct by the Allegheny County Court of Common Pleas. Davis does not allege that the Allegheny County Court of Common Pleas participated in the policy of not recording plea negotiations or was in any way involved in denying him access to the courts. *See* Complaint ¶ 6 ("This is a claim wherein the **County of Allegheny** and its agencies **office of District Attorney** and **office of Public Defender** through administrative custom, policy or practice of unrecorded plea promise/agreement negotiations in criminal prosecutions fails to protect the due process rights of the accused") (emphasis added).

Davis paid the filing fee[2] and filed a notice of purported service of process (ECF No. 3). The notice of service reflects that on September 9, 2022, Davis "served" the Allegheny County Court of Common Pleas "by certified mail return receipt" sent to the Pennsylvania Court Administrator's Office at 1515 Market Street, Suite 1414, Philadelphia, PA 19102. On October 17, 2022, Davis filed a motion for default judgment (ECF No. 4).

## II. Legal Analysis

Davis' complaint suffers from numerous legal flaws (several of which are incurable) and must be dismissed with prejudice. Davis' motion for default judgment is also without merit. The court will briefly address improper service, the Eleventh Amendment and the statute of limitations, but observes that there are additional reasons for dismissal, as well.[3]

### A. Improper service

It is apparent on the face of the docket that Davis' attempted service by mail is improper under the federal and state rules of procedure. Federal Rule of Civil Procedure 4(j) (serving a state government) provides:

> (2) State or Local Government. A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Pennsylvania Rule of Civil Procedure 422, which governs service of process on the Commonwealth of Pennsylvania and its political subdivisions, provides:

---

[2] Because Davis is not a prisoner and is not proceeding in forma pauperis, the prescreening procedures in 28 U.S.C. § 1915 do not apply.
[3] Of course, this court has no power or authority to deviate from a mandate issued by the appellate court. *Casey v. Planned Parenthood of Se. Pennsylvania*, 14 F.3d 848, 856 (3d Cir. 1994) (citing *Briggs v. Pennsylvania R. Co.*, 334 U.S. 304, 306 (1948)). The Third Circuit Court of Appeals has rejected Davis' contentions multiple times.

> Service of original process upon a political subdivision shall be made by handing a copy to
>
> > (1) an agent duly authorized by the political subdivision to receive service of process, or
> >
> > (2) the person in charge at the office of the defendant, or
> >
> > (3) the mayor, or the president, chairman, secretary, or clerk of the tax levying body thereof, and in counties where there is no tax levying body, the chairman of county commissioners.

Pa. R. Civ. P. 422(b).  Service by mail is not permitted –the complaint must be hand delivered to the correct person.  In *Barrett v. City of Allentown*, 152 F.R.D. 46 (E.D. Pa. 1993) (involving a similar attempt to serve by mail), the court explained:  "Hand delivery to an enumerated entity is required pursuant to both the Federal Rules and Pennsylvania law. Mailing copies of the complaint to the City Solicitor is insufficient to effect service. . . ." *Id.* at 48.  Davis failed to properly serve the Allegheny County Court of Common Pleas.

Davis' motion for default judgment (ECF No. 4) will be denied.  Because service was improper, the Allegheny County Court of Common Pleas had no legal duty to respond to the complaint.  *Walker v. Pennsylvania Dep't of Transportation*, 812 F. App'x 93, 94 (3d Cir. 2020) (because plaintiff failed to properly serve complaint, motion for default judgment was properly denied) (quoting *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985) ("A default judgment entered when there has been no proper service of the complaint is, a fortiori, void, and should be set aside.").

If improper service was the only flaw, this opinion and order would constitute notice to Davis pursuant to Federal Rule of Civil Procedure 4(m) of the court's intent to dismiss this case with prejudice if he did not make proper service.  *Id.* at 95.  The court notes that the 90-day time limit has not yet expired.  As discussed below, however, this case will be dismissed with prejudice on other grounds because it is clearly without legal merit.

      B.      Eleventh Amendment

Defendant argues, correctly, that a Pennsylvania court of common pleas is not a "person" who can be sued under § 1983. The Eleventh Amendment bars suits against a state and its agencies in federal court when the state has not waived that immunity. *Kornafel v. Pennsylvania Ct. of Common Pleas*, No. 22-CV-3684, 2022 WL 5221356, at *3 (E.D. Pa. Oct. 5, 2022). The Commonwealth of Pennsylvania has not waived its immunity for civil rights claims. *See* 1 Pa. Cons. Stat. § 2310; 42 Pa. Cons. Stat. § 8521(b). The Allegheny County Court of Common Pleas is part of the Pennsylvania unified judicial system, 42 Pa. Cons. Stat. § 301(4), and thus is a Commonwealth agency entitled to immunity. *Callahan v. City of Philadelphia*, 207 F.3d 668, 672 (3d Cir. 2000).

In *Kornafel*, the court rejected a similar attempt to sue a court of common pleas and explained:

> Since Pennsylvania's courts are arms of the Commonwealth that share in the Commonwealth's Eleventh Amendment immunity, and are not considered "persons" subject to liability under § 1983, Kornafel's civil rights claims against this Defendant fail. *See Karns v. Shanahan*, 879 F.3d 504, 519 (3d Cir. 2018) (noting that "'[s]tates or governmental entities that are considered "arms of the State" for Eleventh Amendment purposes' are not 'persons' under § 1983") (quoting *Will*, 491 U.S. at 70).

*Kornafel,* 2022 WL 5221356, at *3*; accord Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (holding that Pennsylvania's Judicial Districts are entitled to immunity from suit under the Eleventh Amendment). It is clear, therefore, that Davis' § 1983 claim against the Allegheny County Court of Common Pleas must fail.

C.  Statute of Limitations

The conduct Davis complains about occurred over thirty years ago. As this court explained multiple times in Davis' prior cases, claims based on conduct in 1990 are barred by the statute of limitations:

> A cause of action under § 1983 "accrues, and the statute of limitations begins to run, 'when the plaintiff knew or should have known of the injury upon which the action is based.'" *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (quoting

> *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998)). This is an objective inquiry, and a court is directed to ask "not what the plaintiff actually knew but what a reasonable person should have known." *Id.* In this case, Davis knew or should have known in 1990 that he was still detained and that criminal charges were still being prosecuting against him, despite the alleged agreement to dismiss all charges. The injury on which his claims are based (i.e., his continued detention in breach of the alleged agreement) was obvious and was well known to him in 1990. There is no basis to toll the applicable two-year limitations period. As this court concluded in Civil Action No. 09-415, Davis' claims were untimely in 2009. They remain untimely in 2018.

(Civ. No. 18-794, ECF No. 15 at 4-5). Davis' claims remain untimely in 2022.

In sum, Davis' complaint is without merit and will be dismissed with prejudice and without leave to amend. Amendment would be futile and prejudicial to Defendant.

D.   Pre-filing Injunction

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), a district court may enjoin "abusive, groundless, and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993); *see In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982) ("It is well within the broad scope of the All Writs Act for a district court to issue an order restricting the filing of meritless cases by a litigant whose manifold complaints raise claims identical or similar to those that already have been adjudicated."). That is the situation here.

In *Kornafel*, the court confronted a similar situation in which the plaintiff "exhibited a pattern of filing repetitive lawsuits about the same subject matter." *Kornafel*, 2022 WL 5221356, at *4. The court directed the plaintiff to show cause why he should not be subject to a pre-filing injunction prohibiting him from filing any further cases about that topic. *Id.*

Before imposing a pre-filing injunction, the court "must give notice to the litigant to show cause why the proposed injunctive relief should not issue." *Brow*, 994 F.2d at 1038. The scope of the injunctive order "must be narrowly tailored to fit the particular circumstances of the case before the [ ] Court." *Brow*, 944 F.2d at 1038.

As in *Kornafel*, this is the third lawsuit Davis has brought based on the 1990 policy about not recording plea negotiations. He filed new cases despite having been informed by this court

and the appellate court that his claims lacked a legal basis. *See Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990) ("When a district court is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, we believe it is entitled to resort to its power of injunction....").

The court now gives notice to Davis that if he attempts to file another lawsuit with respect to the 1990 policy about not recording plea negotiations, he could be subjected to a prefiling injunction. If Davis files another lawsuit about that topic, the court will issue an order for Davis to show cause why a prefiling injunction should not issue. *Brow*, 994 F.2d at 1038.

Conclusion

For the reasons set forth above, Defendant's motion to dismiss (ECF No. 6) will be GRANTED and the complaint will be dismissed with prejudice and without leave to amend. The motion for default judgment (ECF No. 4) filed by Davis will be DENIED. Davis' motion to strike the opposition (ECF No. 8) will be DENIED. The opinion and order in this case constitutes notice to Davis that he will be required to show cause why a prefiling injunction should not be entered if Davis attempts to file another lawsuit with respect to the 1990 policy about not recording plea negotiations.

An appropriate order follows.

November 15, 2022

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge