IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THOMAS DAVIS,** | CIVIL ACTION NO. 22-1275 |
| Plaintiff, | |
| v. | |
| **THE ALLEGHENY COUNTY COURT OF COMMON PLEAS,** | |
| Defendant. | |

## **MEMORANDUM OPINION**

On November 15, 2022, the court issued an opinion and order (ECF Nos. 9, 10), which dismissed the pro se civil rights complaint (ECF No. 1) filed in this case (Civil No. 22-1275) by plaintiff Thomas Davis ("Davis") with prejudice and without leave to amend. Pending before the court is a motion to set-aside order/judgment (ECF No. 11) filed by Davis. The motion will be construed as a motion for reconsideration and will be resolved without the necessity of a response from the Allegheny County Court of Common Pleas ("Defendant").

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration must rely on one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or fact or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration should not be used to ask

a district court to rethink a decision it has already rightly or wrongly made. *Williams v. Pittsburgh*, 32 F. Supp.2d 236, 238 (W.D. Pa. 1998).  Motions for reconsideration should not be used to relitigate issues already resolved by the court and should not be used to advance additional arguments which could have been made by the movant before judgment. *Reich v. Compton*, 834 F. Supp. 753, 755 (E.D. Pa. 1993), *aff'd in part, rev'd in part*, 57 F.3d 270 (3d Cir. 1995).

As the court explained in its November 15, 2022 opinion, in Civil Action 22-1275, Davis again challenges conduct by Allegheny County, the office of the District Attorney and the office of the Public Defender with respect to a policy about unrecorded plea negotiations in 1990 (over thirty years ago).  Davis asserted very similar challenges in two prior lawsuits, *see* Civil Nos. 09-415 and 18-794.  Davis' claims were dismissed by this court and the Third Circuit Court of Appeals.

Davis' motion for reconsideration does not identify an intervening change in the law; the availability of new evidence, not previously available; or the need to correct a clear error of law or fact or prevent manifest injustice.  Instead, Davis reiterates his contention that the Allegheny County Court of Common Please issued an order based upon a fraud on the court which stemmed from conduct in 1990 at Criminal Case 198904098.

Davis submitted an order dated August 12, 2021 from the Allegheny County Court of Common Pleas, which reflects that Davis' application for a "release of charges" was "dismissed as moot because he was acquitted of all charges at [Criminal Case 198904098] on May 3, 1991." (ECF No. 11-1, exhibit C).  Davis appears to recognize that he was "exonerated [by] the Allegheny County Court of Common Pleas." (ECF No. 11 at 1).  His criticism appears to be that

the court "failed to enter the March 1990 DNA disposition of exoneration exhibit" which caused him to remain in "post-exonerated confinement." *Id.*

The court adheres to its previous determinations. As the court explained in its November 15, 2022 opinion, Davis' complaint in this case suffers from numerous legal flaws (including, among others, this court's duty to abide by the mandate of the Third Circuit Court of Appeals, improper service, Eleventh Amendment immunity and the statute of limitations) and was properly dismissed with prejudice. The court reiterates its notice to Davis that if he attempts to file another lawsuit with respect to the 1990 policy about not recording plea negotiations, the court will issue an order for Davis to show cause why a prefiling injunction should not issue.

Conclusion

For the reasons set forth above, Davis' motion to set-aside order/judgment (ECF No. 11) will be DENIED.

An appropriate order follows.

December 8, 2022

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge